FRANK MEISNER, t/a THE FIVE AND TEN OF NORTH HALEDON, INC., DEFENDANT AND THIRD-PARTY PLAINTIFF-APPELLANT, v. AETNA LIFE AND CASUALTY CO., a/k/a THE AETNA CASUALTY AND SURETY CO., THIRD-PARTY DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 11, 1973—Decided June 28, 1973.

344

Before Judges COLLESTER, LEONARD and HALPERN.

*Mr. Frank Catania* argued the cause for third-party plaintiff-appellant.

*Mr. Charles W. Hutchinson* argued the cause for third party defendant-respondent (*Messrs. Lamb, Blake, Hutchinson, Thompson & Chappell,* attorneys).

PER CURIAM. Involved herein is the construction of an "Owners', Landlords' and Tenants' Liability Policy" issued by repondent Aetna Life and Casualty Co., a/k/a The Aetna Casualty and Surety Co. (Aetna), to Frank Meisner, appellant.

Meisner operates a variety five and ten cent store. On December 3, 1966 one John Rosal, Jr., then seven years old, purchased three metal tipped darts at the insured's store. On the way home a dart which he threw at a telephone pole ricocheted and hit him in the eye. He and his parents, suing *per quod,* then sued Meisner as well as Haecker Industries, Inc., the manufacturer of the darts. (We are not here concerned with the claim against Haecker which is still pending in the trial court.) The theory of liability against Meisner was that he was negligent in selling darts, an in-

herently dangerous instrumentality, to an infant of tender years.

Aetna denied coverage on its policy. It refused to assume defense of the action against Meisner and denied liability for any judgment which plaintiff might recover against him. Thereupon Meisner filed a third-party complaint against Aetna seeking indemnification for all sums found due from him to plaintiffs.

On cross-motions for summary judgment the court denied Meisner's motion but granted Aetna's and dismissed the third-party complaint. The judgment was made final pursuant to *R.* 4:42–2. Meisner appeals therefrom.

The "Owners', Landlords' and Tenants' Liability Policy" here involved provided for bodily injury and property damage in the following terms:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
> > bodily injury or
> > property damage
>
> to which this insurance applies, caused by an occurrence and arising out of ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company liability has been exhausted by payment of judgments or settlements.

However, the "Declarations" portion of the policy reveals that no premium was paid or coverage extended for "completed operations hazard" or "products hazard." Further, these hazards specifically were excluded from coverage by section (m) of the listed "Exclusions";

> "Products hazard" by definition includes:
> > bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty

made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others; * * *.

Additionally, the policy defines "named insured's products" as used in the above definition to mean "goods or products * * * sold * * * by the named insured * * *."

Third-party plaintiff contends that plaintiffs' claim based upon a negligent sale of the darts to a minor is included in the general insurance clause of the policy, and the above-noted exclusion is ineffective as a matter of law to exclude coverage thereof. This contention lacks merit.

The "products hazard" exclusionary clause of the instant policy clearly and unambiguously excludes a claim, such as here asserted by plaintiffs, where the bodily injury arises out of goods or products sold by the insured and occurs away from the insured's premises.

Clear basic terms and particular provisions of an insurance contract may not be disregarded at will and a new contract judicially made for the parties. *Linden Motor Freight Co., Inc. v. Travelers Ins. Co.,* 40 *N. J.* 511, 525 (1963); *Kampf v. Franklin Life Ins. Co.,* 33 *N. J.* 36, 43 (1960).

In *Cobbins v. General Accident F. & L. Assur. Corp., Ltd.,* 53 *Ill.* 2d 285, 290 *N. E.* 2d 873 (1972), the Illinois Supreme Court, after discussing the divergent holdings of various courts on this issue, reversed 3 *Ill. App.* 3d 379, 279 *N. E.* 2d 443 (Ct. App. 1972) and held that a similar clause excluded coverage of a claim of a young boy who sustained bodily injury as a result of the allegedly negligent sale of fireworks to him. See also *Inductotherm Corp. v. N. J. Mfrs. Cas. Ins. Co.,* 83 *N. J. Super.* 464 (Law Div. 1964).

Affirmed.